124 F.3d 214
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jon Raymond WARE, Defendant-Appellant.
 No. 96-10321.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 15, 1997.**
Decided Sept. 23, 1997.
 
 1
 Appeal from the United States District Court for the District of Nevada, Lloyd D. George, Chief Judge, Presiding; No. CR-95-00311-LDG.
 
 
 2
 Before: BROWNING and THOMPSON, Circuit Judges, and MOSKOWITZ, District Judge.***
 
 
 3
 MEMORANDUM*
 
 
 4
 Jon Raymond Ware appeals his conviction for two counts of bank robbery in violation of 18 U.S.C. § 2113(a). Ware contends the district court violated his Sixth Amendment right to confront a key government witness. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 5
 District courts have considerable discretion in controlling cross-examination. United States v. Jenkins, 884 F.2d 433, 435-36 (9th Cir.1989). We review de novo whether a district court's limitations on cross-examination are severe enough to violate the Confrontation Clause. United States v. Marbella, 73 F.3d 1508, 1513 (9th Cir.1996).
 
 
 6
 The Confrontation Clause of the Sixth Amendment states that "the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. Const. amend. VI. A defendant's Confrontation Clause rights include the right to cross-examine witnesses to attack their general credibility or demonstrate their bias or motive for testifying. United States v. Payne, 944 F.2d 1458, 1469 (9th Cir.1991).
 
 
 7
 Ware contends the district court improperly limited his Confrontation Clause right to confront government witness Ricki Dale Hall by limiting exploration of Hall's biases and repeatedly insisting that Ware's counsel "move on." Specifically, Ware contends that he was precluded from questioning Hall about: (1) her conviction for attempted robbery and whether she turned herself in; (2) the length of her felony sentence; (3) her failures to appear in court; (4) whether she told the United States Attorney's Office that a Federal Bureau of Investigations (FBI) officer had sex with her; and (5) benefits she received from the FBI.
 
 
 8
 A review of the record reveals that the jury heard enough to assess Hall's credibility and motivation for testifying. "Generally, once cross-examination reveals sufficient information with which to appraise a witness' possible bias and motives, confrontation demands are satisfied." United States v. Bonanno, 852 F.2d 434, 439 (9th Cir.1988). Hall testified that she had been-convicted on a felony charge for attempted robbery. She also admitted to entering a plea-bargain related to her sentence. She confirmed that she was currently incarcerated for a 120-day evaluation period for her felony, and had not yet received her final sentence. Ware pointed out at trial that Hall's testimony that she turned herself in on the day of the robbery conflicted with a police report for her arrest dated several days later. Hall also testified that she had previously failed to appear in court on three occasions.
 
 
 9
 Moreover, Hall revealed that the FBI had provided assistance to her while Ware was still at large. She admitted that the FBI paid for a two-week stay at a hotel, including food expenses and damage she caused to the hotel room. She also admitted that she had insinuated untruthfully to the United States Attorney's Office that a FBI agent had attempted to have sex with her.
 
 
 10
 In sum, Ware's cross-examination of Hall was sufficient for the jury to evaluate Hall's general credibility and motivations for testifying. There was no Confrontation Clause violation.
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 * The Honorable Barry T. Moskowitz, United States District Judge for the Southern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3